The next case for argument is 23-1454, Andrea Electronics v. Apple. Good morning. May it please the court, my name is Gwen Teresi. I'm here on behalf of the patent owner, Andrea Electronics. This court remanded in the previous decision with specific instructions to make findings of fact regarding why a person of ordinary skill in the art would have combined Hirsch with Martin. Rather than doing so, the board assumed away the central dispute, finding Andrea agreed that Hirsch identifies Martin as a solution to the problem of non-stationary noise. Andrea did not agree because the record doesn't support it. The board then combined Andrea's alleged agreement with Hirsch's silence to find the existence of a motivation to combine. Silence is not a motivation to combine. That would invite the exact kind of hindsight bias and using the claims as a roadmap that KSR and this court's cases have counseled against. It's even more telling in this case that the specific combination alleged by the petitioner takes only certain pieces of Hirsch and only certain pieces of Martin to combine them as claimed. There's no explanation for why to do that in silence. The only explanation is that the claims were used as a roadmap. I thought the whole idea is you just rip out Hirsch's algorithm for setting up these adaptive thresholds and you just do a wholesale replacement, use Martin's, and then you apply the spectral subtraction. Your Honor, both Hirsch and Martin provide a complete algorithm for noise cancellation. So what the petitioner has advocated is taking out the improvement that Hirsch provides, the simplification that Hirsch provides, and replacing it with only those pieces of Martin that tend to be more complicated than what Hirsch already discloses. So I understand the board's reasoning. It's that Hirsch doesn't say anything about how to deal with non-stationary noise signals. Martin, however, does. And so at least, at the very least, in the context of having to confront and deal with non-stationary noise signals, an obvious thing to do would be to use Martin's algorithm. Well, Your Honor, the board is wrong. Martin doesn't actually disclose an improvement for non-stationary noise. I'd like to walk you through... I guess the idea is we know one of these two references deals with non-stationary noise. That's Martin. We don't know that about Hirsch. So as I understand, the board kept saying this idea about when you're looking at Hirsch, which is unproven with respect to non-stationary noise, and we know about Martin, which definitely is effective for non-stationary noise, why not in those instances when you're sensitive to non-stationary noise, go ahead and do a combination with Martin's algorithm? Your Honor, again, I have to disagree with the board's finding that Martin is proven for non-stationary noise. And I heard your caution earlier to not re-argue the facts, but the substantial evidence doesn't allow the board's decision to be affirmed when it's demonstrably wrong. So if I may, I'd like to walk you through why the board's decision is demonstrably wrong and contradicted by Martin itself. If you look at the board's decision at pages five through six, it says that Martin provides good results in both stationary and non-stationary noise, and it cites to Exhibit 1006 at 1095 through 1096. The next paragraph starts by quoting what Martin discloses, which is that it provides a computationally inexpensive and effective mean to cope with the problem. If we look at Exhibit 1006, which is now Appendix 455, the problem that Martin is discussing is clearly varying noise levels, not non-stationary noise. The second sentence of the conclusion says, the algorithm proposed in this paper provides a computationally inexpensive and effective means to cope with this problem. That's what the board quoted. The sentence before that says, varying noise levels have a significant impact on the performance of many speech processing algorithms. The only way to read that is that the problem that Martin is solving is varying noise levels, not non-stationary noise. What about where Martin's abstract talks about Martin's algorithm is capable to track non-stationary noise signals and has a low computational complexity? So that's the second sentence of this entire article, introducing what Martin's going to be trying to do here. So, I guess in that sense, I'm left with, I don't know if I can say it's unreasonable for the board to read this Martin reference as contemplating how to deal with non-stationary noise signals when that's, in fact, what it leads with in the abstract. Well, Your Honor, it's capable to track doesn't mean that it provides good results. Again, everyone agrees that Martin is tested for non-stationary noise. The question is whether or not the board's finding that it provides good results for non-stationary noise is supported. And what the board's relied on is not supported. Moreover, at page 43 of its reply brief, the petitioner stated, acknowledging that the board had confused non-stationary noise and varying noise levels, that the board's interpretation of varying noise levels as at least inclusive of non-stationary noise is certainly reasonable. But the issue with that is if the two are the same, Hirsch doesn't need to be improved. Because what Hirsch says is that it presents two methods that are capable to adapt to varying noise levels, and one is low in computational complexity. That's at appendix 451. So either the board's statement that Martin provides good results because it's computationally inexpensive and effective is unsupported by the record, or Hirsch doesn't need to be improved because varying noise levels and non-stationary noise are one and the same. Either way— What's the varying noise levels in Hirsch that you're citing? Did you argue that below to the board? Your Honor, we didn't argue that specifically to the board because, again, the board assumed away the central dispute. What we did argue to the board is that— My point is I didn't see this pop up until your gray brief. Your Honor, that's not correct. We argued it in both our opening brief in this case and in the gray brief, and what we told the board below was specifically that Hirsch doesn't need to be improved. There's no indication in Hirsch itself that it doesn't already work for non-stationary noise levels. In fact, Hirsch says that it provides the same type of good results that Martin does. We've argued that below. We argued that. I can give you the site to our opening brief as well. I believe it starts on page 39 of our opening brief. Now, we didn't rely on the petitioner's admission that the board confused non-stationary noise and varying noise levels in our opening brief because we didn't have that until they responded. But that argument is laid out in several places in our opening brief. Page 39 is one of them, and it's also explained pages 44 through 49 of our opening brief with citations to the record. And, Your Honor, I also want to go to the second legal error that we've identified, which is that the board failed to consider Hirsch and Martin—excuse me, Hirsch as a whole. What Hirsch is doing is it's referring to Martin as a straw man to set up the explanation for the improvement that Hirsch provides over Martin. The first place that the board considers the context of Hirsch as a whole is in its rejection of Andrea's rebuttal argument. And what Hirsch specifically says is that Martin's approach—not known solution, but approach— is insufficient because it has too long past segments of noisy speech required. Now, the board—again, this is the first time the board addressed that entire context. In doing so, the board said, we don't believe the testimony from either expert. We're going to reject the testimony from either expert. And then it substituted its own judgment in for what should have been the petitioner's burden of proof. It cites the Belden case, but the Belden case doesn't address a final written decision. It addresses only the institution phase, which has a much lower standard of proof. So what's left after the board rejects the two parties' expert evidence is just what Hirsch itself says, which is Martin is a known approach, but that known approach isn't sufficient because it requires too long of past segments of noisy speech. And then Hirsch goes on to present its own entirely complete algorithm that doesn't use Martin. Again, there's nothing from reading those two references as a whole that would tell a person of ordinary skill in the art, one, that Hirsch needs to be improved when it provides a computationally effective means to deal with noise cancellation, or two, even if it did suggest to combine it with Martin, there's no indication that you would take only those pieces of Martin and only those pieces of Hirsch that petitioner needs for its combination. That's clear hindsight bias. And the board, in its decision, has sort of a last point, saying that it didn't need to consider how to combine the two references. But that's really important here. It's central to a question of motivation to combine because you're not taking two complete algorithms and combining and just adding them together. You're taking bits and pieces of each. What's wrong with that? I mean, a person of skill in the art is entitled to look at two prior art references and pick and choose to combine, right? I mean, that's what combination is all about. Absolutely, Your Honor. But there, again, has to be at least some suggestion, something in the references that would indicate to a person of ordinary skill in the art to select those pieces. The only evidence that petitioner provided is that a person of ordinary skill in the art. I'm sorry. Can you repeat that, what you said? There has to be something specific in the references? There has to be something specific to support the board's decision. We fully acknowledge that teaching doesn't have to be expressed. That's what KSR said. But the board has to point to something more than just a person of ordinary skill in the art would have done exactly what the claims say because it would have optimized two complete algorithms. And I want to draw your attention to one of the cases that we cite on that point, which is the personal web case versus Apple, the same petitioner, where this court found that such an argument only suggests that a person could combine the references, not that it would take those specific pieces and combine them in that specific way. There's nothing in the board's decision that supports a finding of taking just those pieces of Hirsch and just those pieces of Martin and combining them in exactly the way. But this is a remand, right? And we said that on remand we want the board to look at the why, not the how. You're arguing the how. Well, Your Honor, I think the how and the why are intricately linked in an analysis of motivation to combine. There has to be something saying why a person of ordinary skill would take those specific pieces and combine them in the way that the petitioner argues. That's the why, and then the how is how do you go about doing it. Correct. And we were interested in the why, not the how. Yes, Your Honor, and my point is that the board hasn't adequately explained the why because it hasn't explained why you would take those specific portions of Hirsch and those specific portions. It doesn't have to adequately explain it. It just has to have substantial evidence supporting its decision. Yes, Your Honor, and again, substantial evidence doesn't mean that anything that the board cites to is okay. The board has to cite something that's consistent with the record, and the board's finding that petitioner met its burden here is Andrea agreed to something that it didn't, Hirsch is silent on non-stationary noise, and Martin provides an improvement for non-stationary noise. But what the board's relying on to find that Martin provides an improvement for non-stationary noise is contradicted by the record. So there's two ways to deal with the board's confusion over varying noise and non-stationary noise. Either petitioner is correct that they're the same thing, and that would mean then that Hirsch doesn't need to be improved because it already provides good results for varying noise levels, or the board's finding that Martin provides an improvement for varying noise levels isn't supported by the record. Either way, there's no grounds for the board's decision to be affirmed. Okay, why don't we keep the rest of these documents here on the other side. May it please the court. Josh Ruggiero on behalf of Apple. I want to start by level setting a bit. What remains of this case is narrow and fact-bound. The only remaining question is whether substantial evidence supports the board's robust factual findings across 18 pages that a skilled artisan would have been motivated to combine Hirsch and Martin to yield a combination that indisputably meets the claimant. A few basic points confirm that conclusion. In the 17 years since KSR, this court has reiterated many times the flexibility of the motivation to combine the inquiry. Within that inquiry, the starting point here is powerful. There is no question that a skilled artisan would have considered Martin's teachings generally when reviewing Hirsch. This court said as much in the last decision, and Hirsch explicitly refers to Martin as a known alternative approach to noise estimation and to avoiding the problem with speech pause detection. Often in motivation to combine cases, much of the action is on why the skilled artisan would even look from the primary reference to the secondary reference. Here, we're past that. The board then credited Apple's evidence that those working in the field of noise reduction would regularly add techniques addressing particular challenges or issues, like noise reduction in non-stationary environments. Here, that's Martin, to modify an existing scheme. Here, that's Hirsch. So why would a skilled artisan have done this? Because, as the board also found, Hirsch did not test its system in non-stationary noise settings and, in fact, recognized the increased difficulty of such a setting. Martin, by contrast, did test its setting in non-stationary noise environments and found good results. Putting them together, substantial evidence supports the board's finding that a skilled artisan would have appreciated that Martin provides a proven way of dealing with non-stationary noise environments. These are two references that relate to the same field and address the same problem combined according to their established function. A formulation that this court has said many times is sufficient to provide a motivation to combine. The central defect in Andrea's arguments is that they are purely factual and cannot be reconciled with the Supreme Court's KSR decision and this court's case law sentence. KSR jettisoned the so-called TSM test, and Judge Prost, I think you alertly noticed that what counsel was starting to say was that you needed some sort of affirmative suggestion or motivation in the prior art in order to make this combination. That is gone. Here, we think that the prior art actually does provide that motivation, but what Andrea is asking for is even more. The brief at page 10 says, for example, that nothing in Hirsch states that improvement is needed or that the board needed to affirmatively say that Hirsch would not work well in non-stationary environments. That's not the right inquiry. The notion that a reference would have to denigrate itself and announce that it needs to be improved or would not work well in certain settings is both unrealistic and not required. This court has said many times that it's not necessary to show that a combination is even the best option, only that it is a suitable one. I want to address briefly the point that came up. What did we find in the record evidence that Martin has good results? That is what Martin is reporting. You mean in non-stationary settings? That is what Martin is reporting, and that is what the board found, including at appendix page 8, and it credits. Page 8? Yes. It says, you know, patent owner disagrees with the effectiveness of Martin's algorithm, but then it says this is inconsistent with the express teachings of Martin. And it goes on to quote our expert declaration, which is citing to Martin itself, to say that the algorithm is particularly suited to identifying those in a frequency bin during active speech and has advantages that have been tested to work well with non-stationary noise. The board then goes on to say, patent owner and Dr. Douglas focus on certain inaccuracies but don't expressly address the overall effectiveness of Martin in non-stationary noise settings. Judge Chen, you were exactly right to point to the abstract where Martin says the entire point of this article is to address the non-stationary noise setting. And the board's finding that that is what Martin addressed and that Hirsch did not is at least reasonable. This is substantial evidence review. I guess Martin, in the conclusion, says something about how the algorithm is effective to cope with this problem. But then the board has to do an interpretation of what does that mean when it's talking about the word effective. And it read the reference to say, well, that is at least in part directed to non-stationary noise signals. Right, because that's what Martin is about. Right, but there's little ambiguity as to, in this Martin reference, what does Martin mean when it uses the term varying noise signals versus when Martin uses the term non-stationary noise signals. Right, and I do want to address that because counsel for the appellant brought that up, including with respect to the blue brief, the sequence of the briefing here. It's wrong on the facts, and I'll get to why it's wrong on the facts, but this is also why the court does not allow parties to relitigate facts in this forum. In the blue brief, Andrea, at pages 39 to 40, accused the board of misunderstanding Martin. And it said, without citation, that varying noise levels and non-stationary noise are not the same thing. In the red brief, we came back and said, this is an improper attempt to disagree with the board's factual findings, but it was at least reasonable for the board to read Martin when it's talking about varying noise levels as inclusive of non-stationary noise because that's what Martin is about. The gray brief then tries to take this statement as equating varying noise levels with non-stationary noise and turn this into a factual issue that doesn't exist. The gotcha reply arguments are wrong. You could have varying noise levels in both stationary and non-stationary settings. Stationary simply means that the noise is slowly varying. So an oscillating fan, for example, sitting in this room, hearing the AC. Non-stationary noise means that it's more unpredictable. It's rapidly varying. When we in the red brief said that Martin is talking about varying noise levels and saying that its algorithm works well, that was in support of the board's reasonable reading that this was about non-stationary noise because that's what Martin tested and reported. Hirsch, by contrast, does not test and report on non-stationary noise. It's only stationary. That's slowly changing. So when Hirsch discusses slowly changing or varying noise, it is also perfectly reasonable and not inconsistent with Martin to say that what Hirsch is talking about is stationary noise. There's no inconsistency whatsoever, and the board's findings, again, are reasonable. I think this points up an important fact about the context of Andrea's appeal, given where we are in this case and after all this time. Andrea's position at bottom is that no reasonable fact finder could ever find a motivation to combine on this record. And respectfully, that's just implausible. It would destroy this court's post-KSR case law about the flexibility of the motivation to combine inquiry, and it would upend the deference that this court gives to the board's factual findings, particularly in a decision that spends 18 pages on an issue that's usually one of many issues in the context of an obviousness fight and carefully walks through each of the arguments, each of the expert declarations, and makes fact findings throughout. Unless the panel has any further questions, I would urge the court to affirm. Thank you. Petitioner has tried to characterize Andrea's entire appeal as re-arguing the facts, and there are certainly factual errors in the board's decision, which we've discussed at length, but there are also serious legal errors. For one, the board relied on silence. Relying on silence without more, as the board did here, is a significant expansion of this court's motivation to combine case law, and an unjustified one at that. Again, this court found in the last appeal that a person of ordinary skill in the art would consider Hirsch and Martin together, and remanded with express instructions to make findings of fact regarding why a person of ordinary skill in the art would have combined them. The only thing the board came back with is an incorrect assumption about what Andrea agreed to, and silence from one reference. That, again, is a significant expansion and is a legal error from the board. The second issue is that the board failed to consider the Hirsch reference as a whole. It is setting up Martin as a straw man to explain that Martin has problems that Hirsch's algorithm solves. The fact that Hirsch didn't expressly state that it tested its algorithm in non-stationary noise isn't enough for a finding to support the board's decision that a person of ordinary skill... That's a factual issue there. Well, no, Your Honor. Again, the board didn't consider the reference as a whole before it found Petitioner had met its burden. The first time that the board considered Martin as a whole was in rejecting Andrea's counter-arguments, where, again, it rejected the testimony from both experts and then said we as the board can fill in the gaps. That's also a legal error. Unless you have further questions? Thank you. We thank both sides. The case is submitted.